## NATIONAL BROADCASTING CO., INC., ET AL. *v.* UNITED STATES ET AL.

No. 1025. Argued April 30, May 1, 1942.—Decided June 1, 1942.

*Mr. John T. Cahill,* with whom *Messrs. David M. Wood, Thomas H. Middleton, A. L. Ashby,* and *E. W. Middleton* were on the brief, for appellants.

*Mr. Telford Taylor,* with whom *Solicitor General Fahy* and *Messrs. Robert L. Stern, Richard S. Salant, Charles R. Denny, Harry M. Plotkin,* and *Max Goldman* were on the brief, for the United States et al.; and *Mr. Louis G. Caldwell,* with whom *Messrs. Leon Lauterstein, Emanuel Dannett,* and *Percy H. Russell, Jr.* were on the brief (*Mr. Donald C. Beelar* entered an appearance), for the Mutual Broadcasting System, Inc., appellees.

MR. CHIEF JUSTICE STONE delivered the opinion of the Court.

This is a companion case to *Columbia Broadcasting System* v. *United States, ante,* p. 407. Both present substantially similar facts and the same issues of law.

Appellant, National Broadcasting Company, maintains two radio broadcasting systems, the "blue network" and the "red network." The two other appellants operate radio broadcasting stations licensed by the Communica-

tions Commission, and have entered into contracts with National similar to those involved in the *Columbia* case and to those of other stations which participate in National's networks.

Appellants brought the present suit in the Southern District of New York to set aside the order of the Commission of May 2, 1941, as amended by its order of October 11, 1941, promulgating the Chain Broadcasting Regulations which we considered in the *Columbia* case, on the grounds that the order is beyond the Commission's statutory authority or, if within it, that the statute is an unconstitutional delegation of the legislative power of Congress in violation of Article I, § 1 of the Constitution, and operates to deprive appellants of property without the due process of law guaranteed by the Fifth Amendment.

The district court of three judges dismissed the complaint, 44 F. Supp. 688, holding that the Commission's order is not reviewable under the provisions of § 402 (a) of the Communications Act of 1934, 48 Stat. 1093, 47 U. S. C. § 402 (a), and the Urgent Deficiencies Act, 38 Stat. 219, 28 U. S. C. § 47, but stayed the operation of the order pending direct appeal to this Court.

According to the allegations of the bill of complaint, National conducts its broadcasting business in substantially the same manner as Columbia. It establishes telephone wire connections with licensed broadcasting stations with which it enters into contracts for limited periods for chain broadcasting of its radio programs. These contracts do not require that the station shall broadcast the programs of no other chain than National. But a feature of them is the option given to National for use of the station on 28 days' notice for certain specified periods of radio time in broadcasting commercial network programs provided by National. It is alleged that, because of the contract provisions, the regulations will require the stations affiliated with National to abandon their contracts

or lose their licenses either by the Commission's cancellation of or refusal to renew them. The bill of complaint makes a sufficient showing of irreparable injury to National, including an allegation that forty-eight affiliated stations have served notice of abrogation of the contracts.

For the reasons stated at length in the opinion in the *Columbia* case, we hold that the order of the Commission is reviewable in the present suit by the district court of three judges. The bill of complaint states a cause of action in equity. The judgment will accordingly be reversed and the cause remanded for further proceedings.

Unlike the *Columbia* case, the record discloses no facts showing what effect the Commission's minute adopted after the present suit was brought has had or will have upon the cancellation of appellants' contracts by the affiliated stations. So far as relevant that will be a matter for consideration by the court below, as will be the question, not considered here, whether the appellants other than National are proper parties plaintiff.

As in the *Columbia* case the stay now in effect will be continued, on terms to be settled by the court below.

*Reversed.*

MR. JUSTICE BLACK took no part in the consideration or decision of this case.

MR. JUSTICE REED, MR. JUSTICE FRANKFURTER and MR. JUSTICE DOUGLAS dissent for the reasons set forth in the dissenting opinion in *Columbia Broadcasting System* v. *United States, ante,* p. 407.