Henry A. Mentz, Jr., Hammond, La., for defendants-appellants.

Joan Elaine Chauvin, Asst. U. S. Atty., John P. Volz, U. S. Atty., New Orleans, La., for plaintiff-appellee.

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Estelle HARVEY et al.,**
**Defendants-Appellants.**

**No. 79–1286**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 17, 1979.

Before GOLDBERG, RONEY and TJO-FLAT, Circuit Judges.

PER CURIAM:

In this case we affirm a district court decision that a private sale, without appraisement, of secured property by debtors and payment of the proceeds to the Small Business Administration did not preclude under Louisiana's Deficiency Judgment Act that agency's suit for deficiency judgment.

On November 7, 1973, defendants executed and delivered a $50,000.00 promissory note in favor of Community State Bank, Independence, Louisiana. On the same date they delivered to the bank a mortgage signed by them and dated November 6, 1973, covering real and chattel property in Tangipahoa and St. Helena Parishes. In addition, the loan to appellants was guaranteed by the Small Business Administration

* Rule 18, 5 Cir., *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

(SBA). Following default on the note, Community State Bank sold and assigned the mortgage to the SBA on December 6, 1974. Sometime later, the SBA permitted defendants to arrange the private sale of machinery and equipment, which constituted the chattel collateral for the assigned mortgage. These proceeds were paid to SBA and applied against the outstanding balance of the note, leaving a deficiency of $32,632.62. The SBA then filed suit to collect this deficiency on November 2, 1977, seeking foreclosure and sale of the mortgaged real property.

Both parties moved for summary judgment. Following oral argument, the court granted the SBA's motion for summary judgment.

Arguing that state law governs the terms of SBA suits to collect loan deficiencies, defendants contend that the Louisiana Deficiency Judgment Act, La.Rev.Stat.Ann. § 13:4106, precludes the SBA from seeking any deficiency since the prior sale of the secured equipment took place without benefit of appraisement.

Assuming without deciding that state law applies, defendants are not protected by the Deficiency Judgment Act. The Act provides in pertinent part as follows:

> If a mortgagee or other creditor takes advantage of a waiver of appraisement of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of his other property for such deficiency,
> . . . .

A recent state decision not cited by either party held that the Act covers only sales by the "mortgagee or other creditor," not sales of encumbered property by the owners themselves. *Haydel v. Clark,* 347 So.2d 1200, 1204 (La.App.), *writ denied,* 350 So.2d 1223 (1977). The Louisiana court said:

> The Deficiency Judgment Act by its own terms, only covers sales of encumbered property by the "mortgagee or other creditor." Accordingly, the Act has no application to the present case since the mortgaged property was sold by its owner, the corporation, and not by a "mortgagee or other creditor." [Footnote omitted].

347 So.2d at 1204.

The district court here noted in its amended reasons for ruling that

> [w]hile . . . the mortgagee granted mortgagors a 90 day period in which to dispose of the mortgaged equipment, the mortgagee did not insist upon the sale, arrange it, or in any way foreclose mortgagors from any other course of action
> . . . . .

While defendants appear to argue here that the SBA "provoked" the chattel sale, there is nothing in the record to raise a fact issue as to whether the SBA attempted to circumvent the provisions of the Act. Defendants' own admissions conclusively show that the SBA took no part in the sale.

Defendants' complete control of their encumbered chattel property up to the time of private sale, together with their retention of the right to seek appraisement if they so chose, separate their case from the other "private sale" cases cited in support of their position. All such cases involved the seizure or voluntary surrender of mortgaged property to the creditor, *prior to* private sale without appraisement, arranged by that creditor. *See generally Ford Motor Credit Co. v. Blackwell,* 295 So.2d 522, 523 (La.App.), *writ denied,* 299 So.2d 361 (1974); *Wall v. McKean,* 205 So.2d 482, 483 (La. App.1967); *Atlas Finance Corp. v. Whitehead,* 99 So.2d 481, 482 (La.App.1958); *Soileau v. Pitre,* 79 So.2d 628, 629 (La.App. 1955).

AFFIRMED.