In the Matter of PLANTATION AC-
CEPTANCE CORPORATION,
Debtor.

HELLER FINANCIAL, INC.,
Plaintiff–Appellee,

v.

PLANTATION ACCEPTANCE CORP.,
Defendant–Appellant.

No. 86–3891.

United States Court of Appeals,
Fifth Circuit.

Feb. 5, 1988.

Charles E. Cabibi, Cabibi & Cabibi, New Orleans, La., for defendant-appellant.

Clarence F. Favret, Jr., Favret, Favret, Demarest & Russo, New Orleans, La., for plaintiff-appellee.

Before BROWN, POLITZ, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

The bankruptcy court dismissed the petition for involuntary bankruptcy which Heller Financial, Inc. filed against Plantation Acceptance Corporation (PAC). On appeal the district court reversed the judgment of dismissal and remanded for further proceedings. PAC appeals. We find neither error of fact nor error of law and affirm.

1. The contract was a Rediscount Financing Security Agreement.

2. A Heller representative recalled that Mannina acknowledged the payments to family members

*Background*

On September 23, 1976 Heller and PAC executed an agreement [1] pursuant to which Heller loaned PAC funds for the operation of PAC's consumer credit business. PAC secured the loans by pledging its accounts receivable, consisting of negotiable promissory notes executed as an essential part of the consumer loan contracts. At some point PAC began to experience financial difficulties and defaulted in payments to Heller. In September 1985 representatives of Heller met with Charles A. Mannina, president and sole stockholder of PAC, to discuss several issues including the repayment default, a collateral deficiency, and PAC's unauthorized sale of pledged notes. The proceeds of that sale, supplemented by current receipts, were used to pay approximately $584,000 to relatives of Mannina [2] who were unsecured creditors of PAC. Mannina frankly acknowledged the factual accuracy of Heller's stated concerns and expressed a desire to withdraw from the loan business. The parties did not reach any definitive agreement at that meeting.

In October 1985 the parties met a second time in their efforts to resolve their dispute. PAC contends that Heller proposed a voluntary foreclosure and repossession of collateral in full satisfaction of PAC's indebtedness. Heller counters that Mannina proposed the liquidation of all collateral, and the release of PAC and Mannina. Mannina's counsel made such a proposal in writing. As acknowledged by Mannina, Heller was agreeable to the request that it release Mannina's personal liability, but it declined to release the corporation from any deficiency which might exist after liquidation of the collateral. On October 22, 1985 the parties executed a Voluntary Foreclosure and Repossession Agreement, with letter agreement and addenda, setting forth their understanding. Mannina's personal liability was released; the liability of PAC was specifically reserved.

On October 31, 1985 Heller filed the petition for involuntary bankruptcy of PAC,

and candidly explained his conduct with the simple declarative: "I'd rather fight with you [Heller] than our family."

seeking to recover the alleged preferential payments PAC made to subordinated noteholders. The bankruptcy court dismissed the petition on a finding that Heller had no standing as a creditor because the transfer of collateral from PAC to Heller was a *dation en paiement* which canceled the entire debt, and because the transfer violated the Louisiana Deficiency Judgment Act, La.R.S. 13:4106 *et seq.* The district court reversed, finding an error of law and failure of evidence in both rulings. PAC appeals.

### Analysis

■ Article 2655 of the Louisiana Civil Code defines the *dation en paiement*, or "giving in payment," as "an act by which a debtor gives a thing to the creditor, who is willing to receive it, in payment of a sum which is due." The doctrine requires mutual consent of the parties, and the burden of demonstrating that consent must be carried by the debtor. *Fruehauf Trailer Division, Fruehauf Corp. v. Toups*, 243 So. 2d 88 (La.App.1970); *Mack Trucks, Inc. v. Magee*, 141 So.2d 85 (La.App.1962). The *dation en paiement* is akin to the doctrine of accord and satisfaction. *Mack Trucks.* Absent proof of mutual agreement for the giving and acceptance of the alternative performance as full payment of the original debt, there is no *dation en paiement. See, e.g., National Screen Service Corp. v. Joy Theatres, Inc.*, 231 So.2d 417 (La.App. 1970).

The record is devoid of evidence of the mutual consent of Heller and PAC and Mannina to release both Mannina and PAC from further responsibility for the debts. Contrary evidence abounds, both in the writings between the parties and the uncontroverted anecdotal evidence. The foreclosure agreement prescribes: "Heller, by its acceptance hereof, shall not be deemed to have, nor will Client [Plantation Acceptance Corporation] assert that Heller has, waived or relinquished any rights and remedies provided under this Agreement, or the Financing Agreements, or at law or in equity...." Mannina frankly attested that his counsel's efforts to secure PAC's release were rejected by Heller.

The district court correctly concluded that as a matter of law the transaction between Heller and PAC did not constitute a *dation en paiement.*

It is unclear whether the bankruptcy court applied the Deficiency Judgment Act after finding a *dation en paiement* or if it considered the two as alternate grounds for judgment. The district court assumed the latter. We neither speculate nor long tarry over this issue, for the Louisiana Deficiency Judgment Act has no application to the matter at bar.

■ Both the language of the statute[3] and dispositive precedents mandate a sale provoked by a creditor as a requisite to application of the Deficiency Judgment Act. *United States v. Harvey*, 602 F.2d 740 (5th Cir.1979); *First National Bank of West Monroe v. Pickens*, 465 So.2d 874 (La.App.1985); *Haydel v. Clark*, 347 So.2d 1200 (La.App.), *writ denied*, 350 So.2d 1223 (La.1977). PAC's brief cites authority for

---

**3.** The pertinent provisions of the Deficiency Judgment Act, in force in 1985, were as follows:

**R.S. 13:4106. Deficiency judgment prohibited if sale made without appraisement**

If a mortgagee or other creditor takes advantage of a waiver of appraisement of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of his other property for such deficiency, except as provided in the next paragraph.

If a mortgage or pledge affects two or more properties, movable, immovable, or both, the judicial sale of any property so affected without appraisement shall not prevent the enforcement of the mortgage or pledge in rem against any other property affected thereby.
**R.S. 13:4107. R.S. 13:4106 cannot be waived; operation prospective**
R.S. 13:4106 declares a public policy and the provisions thereof can not, and shall not be waived by a debtor, but it shall only apply to mortgages, contracts, debts or other obligations made, or arising on or after August 1, 1934.

Because of our ruling today, we need not consider the effect of the 1986 amendment to the Deficiency Judgment Act, Acts 1986, No. 489, § 2, adding La.R.S. 13:4108 and 13:4108.1.

this proposition: "Under the jurisprudence it is clear that the stringent public policy provisions of La.R.S. 13:4106 prohibit the rendition of a deficiency judgment in favor of the mortgage creditor *where the creditor has provoked* a sale, judicial or private, without the benefit of appraisal." *American Security Bank of Ville Platte v. Raymond Dufour, et al.,* 465 So.2d 162, 165 (La.App.1985) (emphasis supplied). The district court found that the liquidation of the collateral was proposed by Mannina, not Heller. Assuming *per arguendo* that the transfer and liquidation of collateral constituted a sale, the Deficiency Judgment Act still would not apply. In this scenario, Mannina was the debtor, not the creditor.

PAC now suggests that Heller exercised undue coercive influence in obtaining the foreclosure and repossession agreement. This contention was presented neither to the bankruptcy court nor to the district court and it will not be considered for the first time on appeal. Were we to consider this claim on this record, we would find no evidence in support thereof.

Heller has standing as a creditor to petition for the involuntary bankruptcy of PAC. The judgment of the district court is AFFIRMED.