**FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity**

v.

**CLR PARTNERSHIP, et al.**

**Civ. A. No. 87–811–B.**

United States District Court, M.D. Louisiana.

April 14, 1988.

As Corrected April 21, 1988.

David S. Rubin, Kantrow, Spaht, Weaver & Blitzer, Richard F. Zimmerman, Jr., J. Kendall Rathburn, Jonathan C. Benda, Baton Rouge, La., for Federal Deposit Ins. Corp.

José Romanach, Powers, Vaughn & Clegg, Baton Rouge, La., for CLR Partnership, Fred J. Ruiz, Jr., and Debra Albers Ruiz.

### OPINION

POLOZOLA, District Judge.

The Federal Deposit Insurance Corporation ("FDIC") has filed this suit against CLR Partnership, Fred J. Ruiz, Jr. and Debra Albers Ruiz. The FDIC seeks to recover on certain promissory notes executed by the defendants with Metropolitan Bank and Trust Company ("Metropolitan Bank"). On November 7, 1986, Metropolitan Bank was closed and the FDIC was appointed receiver and liquidator of the bank. Three notes which were executed in this case are at issue, together with a continuing guarantee which was executed by Mr. and Mrs. Ruiz in favor of Metropolitan Bank.

The matter is now before the court in connection with the motion for summary judgment filed by the FDIC. The defendants do not dispute the execution of the notes or the security documents. Instead, the defendants raise certain defenses which are based on various acts of Metropolitan Bank, alleged representations by FDIC em-

ployees, and knowledge which the FDIC allegedly had of the problems with the above obligations prior to the bank's closure. No oral argument is required on this motion. The court finds that plaintiff's motion for summary judgment should be granted.

■ The FDIC relies on 12 U.S.C. § 1823(e) [1] and *Langley v. FDIC,* —— U.S. ——, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987). Defendants do not contend that they have met the requirements of section 1823(e). Instead, the defendants argue that for various reasons the FDIC should be estopped from executing judgments on the notes. In particular, the defendants allege that the FDIC had prior knowledge of unrecorded irregularities in the loan now sued upon and, therefore, should be estopped. However, defendants' contention was previously rejected in *Langley.* In *Langley,* the Supreme Court concluded that neither fraud in the inducement nor knowledge by the FDIC is relevant to section 1823(e)'s application. The Court specifically refused to "engraft an equitable exception upon the plain terms of the statute" with regard to prior FDIC knowledge of unrecorded side agreements and representations. It is clear that *Langley* expands the scope of the so-called *D'Oench, Duhme* doctrine which was set forth in *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). Furthermore, in a recent case decided by the Fifth Circuit Court of Appeals on February 25, 1988, *FDIC v. Cardinal Oil Well Servicing Co., Inc.,* 837 F.2d 1369 (5th Cir.1988), the Fifth Circuit, faced with very similar facts, applied *Langley* and rejected the argument now asserted by the defendants in this case.

■ Defendants further allege that their suretyship obligations were extinguished when Metropolitan Bank fraudulently induced them to release the other co-sureties of the principal obligation, Clarence E. Lindsly, Jr. and Patrick C. Cantwell. It is defendants' contention that because of this fraud, they were induced to execute additional guarantees which they now argue should not be enforceable against them. This contention is also without merit. It is clear that *Langley* holds that unrecorded agreements which fraudulently induce an obligor to enter into a transaction cannot be asserted against the FDIC.

■ In addition, the terms of defendants' own security agreement contradict the argument which they now assert in this case. The principal obligation signed by Mr. and Mrs. Ruiz expressly waived any claims for "discharge or release of any party or collateral securing this note." The continuing guarantees which were executed by Mr. and Mrs. Ruiz either contain a provision which allows the bank to "discharge endorsers, guarantors or other parties, grant releases or discharges generally ... without notice," or they contain a statement that "this is an absolute, unconditional and continuing guaranty of payment ..." Thus, the court finds that defendants are bound by their security agreements which each signed in this case.

■ Finally, defendants contend that they relied to their detriment upon representations of an employee of the FDIC that the FDIC would accept a dation en paiement to extinguish their obligations. It is not necessary for the court to reconcile any differences that might be suggested by the affidavits of the various parties in this case. A dation en paiement requires the mutual consent ·of the parties. Thus, *In the Matter of Plantation Acceptance Cor-*

1. The Federal Deposit Insurance Act of 1950, § 2[13](e), 64 Stat. 889, as amended, 12 U.S.C. § 1823(e), provides:

   No agreement which tends to diminish or defeat the right, title or interest of the Corporation [FDIC] in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

**552**

*poration,* 836 F.2d 962, 964 (5th Cir.1988) the court held as follows:

> Article 2655 of the Louisiana Civil Code defines the *dation en paiement,* or "giving in payment," as "an act by which a debtor gives a thing to the creditor, who is willing to receive it, in payment of a sum which is due." The doctrine requires mutual consent of the parties, and the burden of demonstrating that consent must be carried by the debtor. (Citations omitted.) The *dation en paiement* is akin to the doctrine of accord and satisfaction. (Citation omitted.) Absent proof of mutual agreement for the giving and acceptance of the alternative performance as full payment of the original debt, there is no *dation en paiement.* (Citations omitted.)

Applying the analysis made by Judge Politz *In the Matter of Plantation Acceptance Corporation* to the facts of this case, the court concludes, as did the Fifth Circuit in the *Plantation Acceptance Corporation* case, that the record is devoid of evidence of the mutual consent of the parties to release the defendants from further responsibility for the debts. Therefore, the court concludes, as a matter of law, that the alleged transaction between Mr. and Mrs. Ruiz and the FDIC did not constitute a dation en paiement.

For the above reasons, the court finds that plaintiff's motion for summary judgment should be granted. Within ten days, the plaintiff shall submit to the court a judgment prepared in accordance with this opinion which shall be approved as to form by the defendants.