ALFORD, Judge.
The plaintiff, John W. Hancock, appeals the trial court’s judgment in favor of the defendants, Carl E. Bridges and Sandra W. Bridges, whereby the court found that the Bridges’ immovable property was transferred by private sale without appraisal to the plaintiff and that defendants’ debt to the plaintiff has been fully satisfied and discharged in accordance with La.R.S. 13:4106.
FACTUAL BACKGROUND
The defendants borrowed $5,000.00 from the plaintiff on May 20, 1986, as evidenced by a $5,000.00 promissory note introduced into evidence. The face of the promissory note contains a statement that the note is secured by the pledge and manual delivery of a warranty deed to a lot owned by the defendants in Arkansas, dated June 8, 1983. The deed delivered to the plaintiff was signed by the original vendors, Emile L. and Fran Wood Salles, only, and there was no conveyance or pledge language included thereon in favor of the plaintiff.
The loan was not paid when due on January 15, 1987, and the plaintiff employed an attorney to collect the loan. On February 12, 1987, the Bridges executed a warranty deed under private signature conveying the property to the plaintiff for $1.00 and other valuable consideration, in order to obtain a thirty day extension on the note. Plaintiff’s counsel agreed not to record the deed for thirty days. However, the defendants never paid the note and on April 1, 1987, the deed was recorded in the Arkansas records.
PROCEDURAL HISTORY
On April 27, 1987, plaintiff brought the instant suit on the $5,000.00 promissory note seeking repayment of the $5,000.00 plus ten percent interest and ten percent attorney fees. The suit does not mention the pledge or the deed, nor does it indicate any credit to be given for the immovable property. Defendants answered alleging the warranty deed executed by them constituted a dation en paiement cancelling the debt in its entirety. Trial on the merits was held on September 14, 1987. Subsequently, judgment was signed on January 5, 1988, in favor of the defendants whereby plaintiff was adjudged owner of the Arkansas property in full payment of defendants’ debt to him.
Plaintiff then perfected this appeal contending the trial court committed manifest error in (1) not determining the intent of the parties; (2) in reasoning that a litigant seeking to recognize a perfected security instrument would not ignore it in his peti *1105 tion and (3) in determining that the Deficiency Judgment Act, La.R.S. 13:4106 controlled, thereby fully discharging defendants’ debt to plaintiff.
DISCUSSION
At the outset, we note that portions of the transcript of the witnesses’ testimony is missing because of the reporter’s inability to transcribe the proceedings completely and because one side of one tape did not record. However, there is sufficient testimony and evidence in the record to allow us to rule on this matter.
Defendants claim that the deed executed by them was a dation en paiement under La.C.C.art. 2655. Under this article, a dation en paiement or “giving in payment” is “an act by which a debtor gives a thing to the creditor, who is willing to receive it, in payment of a sum which is due.” The doctrine requires the mutual consent of the parties to the agreement, and the burden of showing that consent is on the debtor. Matter of Plantation Acceptance Corporation, 836 F.2d 962 (5th Cir.1988); Fruehauf Trailer Division, Fruehauf Corporation v. Toups, 243 So.2d 88 (La.App. 1st Cir.1970). Absent proof of mutual agreement for the giving and acceptance of the alternative performance as full payment of the original debt, there is no dation en paiement. Plantation, 836 F.2d at 964. It is evident from the record that there was no mutual consent that the plaintiff would accept the conveyance of the immovable property as full and final payment of the debt. In his letter of March 26, 1987, plaintiff’s counsel clearly indicates his intention to sue on the note if the debt is not repaid within five days. In the same letter, he makes reference to the warranty deed executed on February 12, 1987, to obtain a thirty-day extension on the note, however, he never mentions accepting the deed as payment of the debt. In testimony, Mr. Bridges stated unequivocally that he never at any time intended to give the property to the plaintiff as payment of the debt. He consented to executing the deed as security on the debt. Plaintiff’s attorney, Mr. William C. Bradley, testified that he assured Mr. Bridges that Mr. Hancock was interested in receiving the $5,000.00 plus interest. Therefore, the defendants did not carry their burden of showing mutual consent and we find that there was no dation en paiement.
Plaintiff claims that the February 12, 1987, warranty deed constituted a pledge of a immovable, an antichresis under La.C.C.arts. 3133-3153; arts. 3176— 3181. Under the articles, immovable property may be used as security for a debt, but cannot become the property of the debtor. La.C.C.arts. 3133-3135; 3179. The antichresis must be reduced to writing, La.C.C.art. 3176, and there must be evidence of the relationship of debtor and creditor, as well as a definite debt, expressed in writing. Gautreaux v. Harang, 190 La. 1060, 183 So. 349 (1938). This relationship can either be shown in the act of sale itself as in Gautreaux or in a counterletter as in Calderwood, v. Calderwood, 23 La.Ann. 658 (1871). If the true intent of the parties is expressed in a separate writing, that writing is a counterletter. La.C.C.art. 2025. While the June 8, 1983, deed referenced in the promissory note is not the warranty deed signed by the defendants, the property described in both deeds is exactly the same: “Lot 2, Block 3, Modesto Subdivision of Hot Springs Village, Arkansas.” The defendants’ ownership of the property is not contested. It is apparent that there was written evidence of the relationship between the plaintiff and defendants as creditor and debtors, and a definite debt of $5,000.00. It is equally apparent that the promissory note reference expresses the true intent of the parties and is sufficient to serve as a counter-letter.
We have determined from reviewing the testimony and evidence that the trial court committed manifest error in failing to consider the intent of the parties; therefore, we will not address plaintiff’s other assignments of error. While normally, parol evidence is not admissible to negate an act under private signature, it is admissible to prove a simulation. La.C.C. art. 1848. A contract is a simulation when, *1106 by mutual agreement, it does not express the true intent of the parties. La.C.C.art. 2025. In ascertaining whether a sale is simulated, courts must determine whether parties acted in good faith, whether there was an actual intention to transfer title, and whether any consideration was given for the transfer. Wolf v. Whitney, 424 So.2d 300 (La.App. 1st Cir.1982), writ denied, 428 So.2d 807 (La.1983).
It is abundantly evident that the deed involved in the instant case is a simulation. This is not a typical case where the vendor is trying to rescind a transfer of property alleging he did not intend to convey it. In this instance, neither party ever intended that the property be conveyed to the plaintiff. Both testified that the deed was to operate as a security device.
Therefore, we find that the February 12, 1987, warranty deed does not transfer title to the property from the defendants to the plaintiff. However, we must also determine if the simulated sale was an absolute or a relative simulation in accordance with La.C.C.arts. 2026 and 2027. If the simulation is absolute, the contract has no effect between the parties. If the simulation is relative, the contract produces the effects they intended if all requirements for those effects have been met.
In the instant case, the parties evidently intended the deed to be an antichre-sis. In this case, there was no mention of the pledge in the warranty deed, however, the written promissory note contained a pledge of the same property and was sufficient to constitute a counterletter showing the parties’ true intent. An antichresis can be supported by a pre-existing debt. Gau-treaux, 183 So. at 354. Thus, the requirements for finding a contract of antichresis are met, and we find that the warranty deed is a relative simulation.
Under antichresis, title to the property is not vested in the creditor; he can only require judicial sale of the property. La.C.C.art. 3179. However, the creditor is not required to seize and sue on the property; he can proceed on the principal debt rather than on the security device. D’Amico v. Canizaro, 256 La. 801, 239 So.2d 339 (1970).
CONCLUSION
Mr. and Mrs. Bridges retain ownership of the Arkansas property, and Mr. Hancock retains his right to proceed on his petition to enforce the $5,000.00 promissory note executed by the Bridges. For the foregoing reasons, the judgment of the lower court is set aside and the matter is remanded to the trial court for further proceedings in accordance with this decision. Costs of this appeal are to be borne by the defendants.
JUDGMENT SET ASIDE: REMANDED FOR FURTHER ACTION.