**FEDERAL DEPOSIT INSURANCE CORPORATION, As Manager of the FSLIC Resolution Fund, in its Capacity As Statutory Successor to the Federal Savings and Loan Insurance Corporation As Receiver of Empire Savings and Loan Association, Plaintiff,**

v.

**Robert B. GILLARD, et al., Defendants.**

**Civ. A. No. CA3–90–0567–D.**

United States District Court,
N.D. Texas,
Dallas Division.

July 17, 1990.

James L. Baldwin, Jr. of Hutcheson & Grundy, Dallas, Tex., for the FDIC.

Mark H. How of Short & How, Dallas, Tex., for defendants Robert B. Gillard and James P. Sharp.

FITZWATER, District Judge:

The Federal Deposit Insurance Corporation ("FDIC") moves to change its designation from "FDIC, as manager of the FSLIC Resolution Fund, in its capacity as statutory successor to the Federal Savings and Loan Insurance Corporation as receiver for Empire Savings and Loan Association" to "FDIC as receiver for Empire Savings and Loan Association." Defendants oppose the FDIC's motion, contending there exists no provision in the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub.L. No. 101–73, 1989 U.S.Code Cong. & Admin.News (103 Stat.) 183 (1989), which empowers the FDIC to succeed the FSLIC as receiver for institutions such as Empire Savings.

With the enactment of FIRREA, Congress abolished the FSLIC and established the Resolution Trust Corporation ("RTC"). 12 U.S.C. § 1441a(b)(1)(A) (Supp.1990).

The RTC succeeded to the rights of the FSLIC with respect to any failed savings and loan institution placed into receivership between January 1, 1989 and August 9, 1989. 12 U.S.C. § 1441a(b)(3)(A)(ii)(I). The RTC will act as receiver for any institutions placed into receivership between August 9, 1989 and August 9, 1992. 12 U.S.C. § 1441a(b)(3)(A)(ii)(II). The FDIC is statutorily authorized and compelled to perform all responsibilities of the RTC. 12 U.S.C. § 1441a(b)(1)(C).

Defendants argue there exists no provision similar to § 1441a(b)(3)(A) establishing that the FDIC succeeds the FSLIC as receiver for institutions placed into receivership prior to January 1, 1989. According to defendants, the FDIC is authorized to act only in its special capacity as manager of the FSLIC Resolution Fund and is not authorized to act as receiver for Empire Savings. While FIRREA is not a model of clarity in this regard, the court disagrees with defendants' contention.

The FSLIC Resolution Fund consists of all prior assets and liabilities of the FSLIC and is managed by the FDIC. 12 U.S.C. §§ 1821(a)(1), (a)(2) (1989). The Resolution Fund provides the source of payment for any judgments resulting from suits previously initiated against the FSLIC. 12 U.S.C. § 1821a(d) (1989). The existence of the Resolution Fund does not imply that the FDIC is not authorized to succeed the FSLIC as receiver for institutions placed into receivership prior to the enactment of FIRREA. Numerous post-FIRREA decisions recognize implicitly or explicitly that the FDIC succeeds to the rights of the FSLIC with respect to receiverships created prior to enactment of the statute. *See, e.g., Carrollton–Farmers Branch Ind. School Dist. v. Johnson & Cravens,* 889 F.2d 571, 572–73 (5th Cir.1989); *Triland Inv. Group v. FDIC,* 735 F.Supp. 698, 699–700 & n. 2 (N.D.Tex.1990). This con-

clusion is supported by the extensive receivership powers given the FDIC in FIRREA, as well as the anomalous result occasioned by a contrary reading of the statute. Under defendants' theory, there would be no successor to the FSLIC for institutions placed into receivership prior to the enactment of FIRREA. The court finds no indication in the statute that Congress intended to abolish all pre-FIRREA receiverships. Congress' intent was apparently otherwise.*

The court holds the FDIC succeeded to the rights of the FSLIC as receiver for Empire Savings upon the enactment of FIRREA. The motion to change designation is accordingly granted.

SO ORDERED.

---

* The court's assessment of Congress' intent is bolstered by § 401 of FIRREA. In § 401(f)(2) Congress provided that abolition of the FSLIC does not abate lawsuits filed by or against the FSLIC "except that the appropriate successor to the interests of the [FSLIC] shall be substituted . . . as a party to any such action or proceeding."

The resolutions creating the receivership for which the FSLIC was receiver remain in effect pursuant to FIRREA § 401(h). It is therefore plain that Congress intended pre-FIRREA receiverships to remain in effect and be administered by another entity.