**DELTA SAVINGS & LOAN ASSOCIATION, INC.**

v.

**A.C.V., INC.**

**Civ. A. No. 89–683–B.**

United States District Court, M.D. Louisiana.

Oct. 25, 1990.

Nathalie Walker, Gordon, Arata, McCollam & Duplantis, New Orleans, La., for plaintiff.

J. Glenn Dupree, Baton Rouge, La., for defendant.

## RULING ON THE RESOLUTION TRUST CORPORATION'S MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

On June 28, 1984, A.C.V., Inc. (ACV) executed a loan agreement and a secured promissory note with Commercial Federal Savings & Loan Association (Commercial Federal) in the principal amount of $3,200,-000.00 bearing an annual interest rate of 15% and payable upon demand.[1] The secured promissory note was sold, assigned, delivered, and transferred to Delta Savings & Loan Association, Inc. (Delta) on May 27, 1988. After Delta made an unsuccessful demand for payment on ACV, Delta notified ACV that it was in default and made demand on the individual defendants, John D. Terry, Martha Modinger Terry, John E. Alwood, Jr., and Linda E. Alwood, under the terms of the continuing guaranty, respectively. The defendants failed or refused to pay the note.

Delta then instituted this action in state court seeking recovery on the promissory note and the enforcement of the security instruments. Before the case could be tried in state court, Delta was declared insolvent by the Federal Home Loan Bank Board (FHLBB). The Federal Savings and Loan Insurance Corporation (FSLIC) was appointed the receiver. The FHLBB created a new savings bank, Delta, F.A., and appointed the FSLIC as its conservator. Therefore, all of Delta's assets, deposits, and liabilities, including ACV's promissory note, were assigned to the FSLIC.

Pursuant to Section 501 of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRRE), the Resolution Trust Corporation (RTC) succeeded to the rights of the FSLIC as conservator for Delta, F.A. and receiver of Delta.[2] The

---

1. The promissory note is secured by (1) a construction mortgage on several tracts of land located in East Baton Rouge Parish, (2) an "Assignment of Savings Accounts and/or Certificates" at Commercial Federal owned by defendants John D. Terry and John E. Alwood, Jr., (3) a continuing guaranty executed by defendants John D. Terry, Martha Modinger Terry, John E. Alwood, Jr., and Linda E. Alwood, *in solido,* for full payment of all indebtedness and/or obligations of ACV up to $3,200,000.00, and (4) a pledged promissory note in the principal amount of $46,000.00 executed by Charles H. Long, Jr. and Patsy Vanya Long.

2. FIRRE Act of 1989, Pub.L. No. 101–73, 103 Stat. 183, 363–94 (codified and amended 12 U.S.C. §§ 1421 et seq.); The Fifth Circuit noted in *Vernon v. Resolution Trust Corp.,* 907 F.2d

RTC removed the suit to this Court under 12 U.S.C. §§ 1730 and 1819 and § 209 of the FIRRE Act.

■ This matter is now before the Court on a motion for summary judgment filed by RTC. The RTC contends it is entitled to summary judgment against the defendants based on the notes and security instruments. The Court agrees.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [3] To oppose the granting of summary judgment, Rule 56(e) provides that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, ... [instead, the defending party], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." When all the evidence presented by both parties could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.[4]

The RTC has presented sufficient evidence to establish: (1) the existence and validity of the promissory note and associated security instruments; and, (2) that ACV defaulted on the note. Further, the RTC has submitted sufficient evidence to establish the amount of unpaid principal and interest on the note. Although the defendants did not file an opposition to

plaintiff's motion for summary judgment, the defendants, in their answer and "Reconventional Demand and Cross Claim," assert basically two affirmative defenses: (1) personal defenses against Commercial Federal and Delta in connection with the execution of the promissory note; and, (2) that the there were subsequent modifications to the loan agreement which effect collection on the note. Neither of these defenses are valid under the facts of this case.

The Fifth Circuit reviewed the underlying policies and position of the federal banking authority once it acquires commercial paper in connection with a savings and loan failure in *FSLIC v. Murray*, 853 F.2d 1251 (5th Cir.1988). The court stated that:

> The authority's ability to tally a failing institution's assets and liabilities quickly and accurately lies at the heart of deciding to arrange a purchase and assumption deal, and in carrying out such a transaction. However, the authority's efforts to accomplish this transaction are thwarted if it must guess at the value of the institution's notes in light of various potential personal defenses available to the debtors.[5]

Thus, the Fifth Circuit found that the FSLIC has the status of a holder in due course.[6] The court then examined the particular defenses alleged to determine whether the defenses asserted may be raised against a holder in due course.[7]

At the time when the Fifth Circuit issued its decision in *Murray*, the RTC had not

1101, 1102 n. 1 (11th Cir.1990) that under the FIRRE Act "the FSLIC has been abolished and the Resolution Trust Corporation (RTC) appointed as successor to those interest to which the FSLIC to which the FSLIC was appointed as conservator or receiver on or after January 1, 1989." *See* FIRRE Act of 1989, *supra*, §§ 401(a)(1), 401(f)(2), and 501(b)(3)(A), at 354, 356, 369.

3. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Fontenot v. Upjohn Co.*, 780 F.2d 1190 (5th Cir.1986).

4. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

5. 853 F.2d at 1256 (citing *FDIC v. Wood*, 758 F.2d 156 (6th Cir.), *cert. denied*, 474 U.S. 944, 106 S.Ct. 308, 88 L.Ed.2d 286 (1985)).

6. *Id.*; The Fifth Circuit stated that "holder in due course [status] promotes the necessary uniformity of law in this area while it counters individual state laws that would frustrate a basic FSLIC objective: promoting confidence and stability in financial institutions." *Id.*; *see Campbell Leasing, Inc. v. FDIC*, 901 F.2d 1244, 1248–50 (5th Cir.1990); *Gunter v. Hutcheson*, 674 F.2d 862, 868–69 (11th Cir.), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982).

7. 853 F.2d at 1257.

come into existence. However, the Court finds that the holder in due course status should apply to the RTC just as it does to FSLIC. It is clear that under the FIRRE Act of 1989, the RTC succeeds to all of the rights of the FSLIC and the federal law governing the FSLIC was amended to accommodate this change. The purpose of the 1989 Act was to allow the RTC to replace the FSLIC in order to provide a better vehicle by which the federal authorities may regulate the disposition of failed financial institutions. It follows that the same underlying policies and objectives should apply to the RTC as they did with the FSLIC. Therefore, the Court finds that *Murray* is applicable to the RTC, thus providing the RTC with holder in due course status.[8]

In accord with *Murray*, the Court has reviewed the defenses in light of the Louisiana commerce law.[9] Because of RTC's holder in due course status, the Court finds that defenses raised by the defendants in this action are barred against the RTC.

■ The defendants allege that subsequent modifications to the loan arrangement were agreed to by the savings associations which prevent collection on the promissory note and security instruments. In *D'Oench, Duhme & Co., Inc. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), the Supreme Court held that when the FDIC attempted to collect on a note from a failed bank, the borrower could not escape liability based on a secret or side agreement between he and the financial institution. This ruling, commonly referred to as the *D'Oench* Doctrine, is applicable even in situations where the borrower had no intention to deceive the banking authorities.[10] The *D'Oench* Doctrine was initially used only in cases similar to that now before the Court.[11] Congress subsequently codified a portion of the doctrine at 12 U.S.C. § 1823(e). In *Vernon v. Resolution Trust Corp.*, 907 F.2d 1101 (11th Cir. 1990) the Eleventh Circuit noted that courts have provided "far more expansive protection of federal bank insurers in the federal common law following *D'Oench*." The FSLIC received the protection of the *D'Oench* Doctrine. In § 501 of the FIRRE Act of 1989,[12] Congress afforded the RTC the protection of the *D'Oench* Doctrine. In *Vernon, supra*, the Eleventh Circuit applied the doctrine in an RTC case.

For any agreement to be effective against the RTC under this doctrine, it must satisfy the requirements of 12 U.S.C. § 1823(e), as amended by § 217 of the FIRRE Act of 1989.[13] In this action, the defendants have failed to provide any evidence to prove that the alleged subsequent modifications complied with all the requirement of § 1823(e). Furthermore, the alleged agreements are oral, thereby failing to satisfy the writing requirement. Therefore, the Court finds that the alleged subsequent modifications to the loan agreement are not enforceable against the RTC.

In summary, the Court finds that the RTC's motion for summary judgment should be granted on the promissory note and instruments that secure it as follows: (1) the construction mortgage on several

---

8. *See supra* note 2; *see also RTC v. Security Town Corp.*, 745 F.Supp. 1216 (E.D.La.1990); *Adams v. Madison Realty & Dev., Inc.*, 746 F.Supp. 419 (D.N.J.1990).

9. 853 F.2d at 1257; La.R.S. 10:3–305 (West 1983) delineates the rights of a holder in due course. Section 3–305 is based on § 3–305 of the UCC.

10. *Vernon v. Resolution Trust Corp.*, 907 F.2d 1101, 1104 (11th Cir.1990).

11. *Id.* at 1105.

12. 12 U.S.C. §§ 1821(b)(4) and 1823(e).

13. 12 U.S.C. § 1823(e) provides that no agreement shall be valid which diminishes or defeats the interest of the RTC "unless such agreement—
(1) is in writing,
(2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
(3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
(4) has been, continuously, from the time of its execution, and official record of the depository institution."

tracts of land located in East Baton Rouge Parish; (2) the assigned accounts owned by defendants John D. Terry and John E. Alwood, Jr.; (3) the continuing guaranty executed by defendants John D. Terry, Martha Modinger Terry, John E. Alwood, Jr., and Linda E. Alwood, *in solido*, for full payment of the unpaid debt of the ACV note up to $3,200,000.00; and, (4) a pledged promissory note in the principal amount of $46,000.00 executed by Charles H. Long, Jr. and Patsy Vanya Long. The Court further grants summary judgment in favor of the RTC on the defendants' reconventional demand. The Court further finds that the defendant, ACV, and the defendant guarantors are liable on the promissory note to the RTC in the following amounts: (1) $2,651,074.67 in principal; (2) $492,158.05 in interest; (3) $19,912.83 in late charges/interest through September 21, 1990 and additional interest accruing at $773.23 per day; and (4) all costs associated with this proceeding.[14]

Counsel for plaintiff shall submit a proposed judgment to the Court within 15 days in accordance with this opinion.

**14.** The promissory note also provides that the borrower is liable for attorney's fees of 15% of all sums outstanding on the note should an attorney be necessary to enforce the obligation. However, in its memorandum in support of the motion for summary judgment the RTC requested that the Court defer ruling on attorney's fees at this time. Uniform Local Rule 20.16 permits the RTC to seek attorney's fee at a later time, assuming summary judgment is granted.