**FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver of Audubon Federal Savings and Loan Association**

v.

**FORTENBERRY FARMS, INC., et al.**

**Civ. A. No. 89–171–B.**

United States District Court,
M.D. Louisiana.

Nov. 17, 1990.

Kurt O. Engelhardt, Little, Metzger & Lamz, Robert S. Rooth, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for Federal Deposit Ins. Corp.

Robert N. Habans, Jr., Habans, Bologna & Carriere, New Orleans, La., Captan Jack Wyly, Lake Providence, La., for Fortenberry Farms, Inc.

John Martin Marron, Jackson, Miss., pro se.

## RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

This action arises out of a default on a promissory note which was secured by continuing guarantees, and the related loan participation arrangement. The facts of this case are not in dispute. A $600,000.00 promissory note was executed by Fortenberry Farms, Inc. (Fortenberry Farm) in favor of Southern Mortgage Company of Louisiana, Inc. (Southern) on December 16, 1982, which was secured with a continuing guarantee by F.E. Fortenberry, Helen D. Fortenberry, Billy Max Fortenberry, and Mary A. Fortenberry, *in solido* (Fortenberry Guarantors).[1] On that same date, Audubon Federal Savings and Loan Bank Association (Audubon) entered into a loan participation agreement (Participation Agreement) with Southern. Pursuant to that agreement, Southern transferred an undivided 91.667% interest, or $550,000, in the promissory note and its security to Audubon, in return for a serving fee. Audubon was issued a Certificate of Participation dated December 16, 1982.

In conjunction with the Participation Agreement, a separate Continuing Guarantee was executed in Audubon's favor by David C. Lensing, Southern's President, and John Martin Marron and Wendell P. Shelton, both directors and/or officers of Southern. In addition, a letter agreement (Letter Agreement) was executed by Lensing, Marron, and Shelton which obligated Southern to "move" all of Audubon's participation within twelve (12) months of funding the loan. These three defendants also obligated themselves personally in the Letter Agreement.

On June 19, 1986, the Federal Home Loan Bank Board appointed the Federal Savings and Loan Insurance Corporation (FSLIC) as Receiver for Audubon.[2] As Receiver, the FSLIC succeeded to all rights, title, powers, and privileges of Audubon, including the authority to collect any monetary obligations due to Audubon.[3] On August 9, 1989, Congress enacted FIRREA[4] which abolished the FSLIC and transferred all assets, liabilities, and rights of the FSLIC to the FDIC.[5] FIRREA provides that the federal district court shall have original jurisdiction over any actions involving the FDIC.[6]

Fortenberry Farms has failed to make any payments on the promissory note since

---

1. Originally, the promissory note was additionally secured with a collateral mortgage note. However, the mortgage was subordinate to a prior mortgage on the same immoveable. In May of 1986, the first mortgagee foreclosed in an unrelated action on the property and the subordinate mortgage was cancelled with the judicial sale. None of the parties in this action received any of the judicial sale proceeds.

2. 12 U.S.C.A. § 1464(d)(6)(A) (West 1989).

3. 12 U.S.C.A. § 1464(d)(6)(D) (West 1989).

4. Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub.L. No. 101–73, 103 Stat. 183 (hereinafter FIRREA).

5. *In re Meyerland Co.,* 910 F.2d 1257, 1258 (5th Cir.1990); *Carrollton–Farmers Branch Indep. School Dist. v. Johnson & Cravens,* 889 F.2d 571, 572 (5th Cir.1989); *FDIC v. Gillard,* 740 F.Supp. 427, 428 (N.D.Tex.1990).

6. 12 U.S.C.A. § 1819 (West 1989) (as amended by § 209 of FIRREA); *see Carrollton–Farmers Branch,* 889 F.2d at 572; *Triland Holdings & Co. v. Sunbelt Serv. Corp.,* 884 F.2d 205, 207–08 (5th Cir.1989).

June 10, 1985 and the guarantors have not paid the remaining principal and interest due. Furthermore, the transfer of the funds never occurred. The FDIC, as Receiver for Audubon, filed an action against the defendants on March 7, 1989. The Court has jurisdiction in this case based upon 28 U.S.C. § 1331 and 12 U.S.C. § 1819 without regard to the amount in controversy. Venue is proper under the provisions of 28 U.S.C. §§ 1391(b) and (c), and 1392(a).

The FDIC, as Receiver for Audubon, has filed a motion for summary judgment against the defendants Fortenberry Farm, the Fortenberry Guarantors, Southern, Lensing, Marron, and Shelton.[7] Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[8] To oppose the granting of summary judgment, Rule 56(e) provides that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, ... [instead, the defending party], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." When all the evidence presented by both parties could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.[9]

None of the defendants filed an opposition to the plaintiff's motion for summary judgment. The defendants did allege several defenses in their answer. Two of the defendants, Southern and Shelton, failed to answer the complaint.

Fortenberry Farms and Fortenberry Guarantors assert in their answers that the FSLIC lacked privity of contract and therefore was not a real party in interest. This argument lacks merit. In *Coit Independent Joint Venture v. FSLIC*, the Supreme Court held that "[o]nce FSLIC is appointed receiver of an insolvent savings and loan association, FSLIC steps into the shoes of the association and takes control of its assets."[10] Further, the FSLIC, and now FDIC, is granted statutory authority to succeed to all rights and privileges of the failed savings and loan association.[11]

The FSLIC, as Receiver for Audubon, succeeded to all the rights Audubon had in the promissory note and its security. The extent of these rights is controlled by the terms of the Participation Agreement.[12] In the matter before the Court, the Participation Agreement provides as follows:

> Southern does assign to participant [Audubon] an undivided 91.667% interest in and to the note with recourse and also does assign unto participant an undivided 91.667% in and to the collateral to secure participant's interest in the loan.

It is apparent that Southern assigned a 91.667% ownership interest to Audubon in both the promissory note and its security, i.e., the continuing guarantee of the Fortenberry Guarantors. Because the FSLIC succeeded to any and all rights of Audubon, the FSLIC has privity of contract and is a real party in interest in this matter. Therefore, pursuant to the Participation Agreement, the FSLIC has an 91.667% ownership interest in both the promissory note and the continuing guarantees of the Fortenberry Guarantors, up to the amount of principal and interest due and owing on the note. Under FIRREA, the FDIC succeeds to all the rights of the FSLIC.

---

**7.** Rodney Fortenberry, Sheila O. Fortenberry, Freddie Fortenberry, and Tommye M. Fortenberry were dismissed as defendants from this action on June 20, 1989 after having their debts discharged in bankruptcy on March 9, 1988.

**8.** Fed.R.Civ.P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Fontenot v. UpJohn Co.*, 780 F.2d 1190 (5th Cir.1986).

**9.** *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

**10.** 489 U.S. 561, 109 S.Ct. 1361, 1368, 103 L.Ed.2d 602 (1989).

**11.** *See supra* note 5.

**12.** *Franklin v. C.I.R.*, 683 F.2d 125, 128 (5th Cir.1982).

■ The FDIC's claims against Lensing, Marron, and Shelton are based on the continuing guarantee executed by the three defendants in favor of Audubon and the Letter Agreement. Although Shelton has not filed an answer to the complaint, Lensing and Marron have asserted several defenses in their answers. Lensing and Marron assert that the plaintiff failed to assert a claim upon which relief could be granted, the claim is premature, and the plaintiff failed to mitigate damages and comparative and/or contributory negligence on the part of the Receiver. The Court finds no merit in the allegations of Lensing and Marron.

The evidence in the record demonstrates that authorized officers of Fortenberry Farms properly executed the promissory note. Further, the debtor has failed to pay the installments due and owing on the note. Thus, the note is in default. As the Court noted above, the FDIC, as Receiver for Audubon, has rights in the note and its underlying security.

The evidence shows that Lensing, Marron, and Shelton properly executed a continuing guarantee in favor of Audubon. The continuing guarantee provides that:

> AUDUBON shall not be bound to rely on SOUTHERN to exhaust its recourse against Fortenberry or other persons or upon the securities or collateral it may hold before being entitled to payment from the undersigned.... The undersigned do furthermore bind and obligate themselves, their heirs, successors and assigns, in solido, with said FORTEN-BERRY, for the payment of the said indebtedness ... [and] the undersigned do further waive all notice and all pleas [of] discussion and division....

The Court finds that the plaintiff has stated a cause of action as to Lensing, Marron, and Shelton under the continuing guarantee. Further, the three defendants are liable *in solido* for any liability under the continuing guarantee.

■ Lensing's allegation of prematurity is also without merit because "[t]he guar-antors are liable under the express terms of the agreements they signed." [13] The terms of the continuing guarantee explicitly provide that Audubon need not exhaust its remedies against the other parties prior to making demand on Lensing, Marron, and Shelton. Therefore, the Court finds that the action against Lensing based on the continuing guarantee was timely.

Lensing and Marron also contend that the FSLIC was negligent in failing to adequately safeguard the collateral securing the principal obligation. The jurisprudence has consistently held that a defense against the Receiver based on negligence cannot be asserted.[14]

■ Finally, the evidence submitted by the plaintiff establishes that there was a breach of contract by Southern and Lensing, Marron, and Shelton by not "moving" the loan funds in accordance with the terms of the Letter Agreement. The Letter Agreement was properly executed on behalf of Southern and by the defendants individually. No funds were ever transferred out of Audubon, thereby constituting a breach. Had the terms of the Letter Agreement been followed and the funds transferred, Audubon, and ultimately the FDIC, as Receiver for Audubon, would not have suffered the loss. Defendants Southern and Shelton failed to file an answer to the plaintiff's complaint. The evidence submitted with the motion for summary judgment satisfies the Court that both defendants were properly served with the complaint. The plaintiff has moved for a default judgment against these two defendants. Rule 55(a) of the Federal Rules of Civil Procedure states that a default shall be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules [Federal Rules of Civil Procedure] and that fact is made to appear by affidavit or otherwise...." The same proof submitted in support of the motion for summary judgment also supports the default judgment. Based on the

---

**13.** *FDIC v. Cardinal Oil Well Serv. Co., Inc.,* 837 F.2d 1369, 1371 (5th Cir.1988).

**14.** *FDIC v. Carlson,* 698 F.Supp. 178 (D.Minn. 1988).

evidence submitted, the Court enters a Judgement of Default against Southern and Shelton.

The FDIC has put forth sufficient, specific evidence and affidavits to support the facts and its motion for summary judgment and default judgment. Although the FDIC was unable to locate the original promissory note and the two continuing guarantees, the evidence submitted by the plaintiff has sufficiently established the existence and validity of each of the missing documents.[15] The FDIC has further established by the pleadings, affidavits, requests for admissions of fact, and other documentation that the existence of the obligation, nonpayment by the principal and guarantors, default, and breach of the Letter Agreement.

The plaintiff, the FDIC, has satisfied its burden of establishing that there is no genuine issue as to any material fact. There is simply no evidence presented from which this Court or a reasonable jury could find a material issue of fact in dispute. The plaintiff, the FDIC, is entitled to recover from the defendants, Fortenberry Farms, Inc., F.E. Fortenberry, Helen D. Fortenberry, Billy Max Fortenberry, Mary A. Fortenberry, David C. Lensing, John Martin Marron, and Wendell P. Shelton: (1) the principal balance due and owing on the note in the amount of $546,529.20; (2) accrued interest at a rate of 16% per annum from December 16, 1985 to March 7, 1989 in the amount of $281,979.12; (3) interest accruing from March 7, 1989 until date of payment of the outstanding principal at a per diem of $239.57; and, (4) reasonable attorney's fees under the terms of the note to be submitted by the plaintiff's attorney and properly supported by time sheets or other documentation.

The plaintiff is also entitled to recover from the defendants Southern Mortgage Company of Louisiana, Inc., David C. Lensing, John Martin Marron, and Wendell P. Shelton damages due to the breach of the terms of the Letter Agreement. Damages associated with the breach are limited to the amount of damages uncollectible, if any, from the summary judgment against the principal debtor and the continuing guarantors.

Therefore:

IT IS ORDERED that the motion for summary judgment by the plaintiff, FDIC, as Receiver for Audubon Federal Savings and Loan Association, be and is hereby GRANTED in favor of the plaintiff and against the principal debtor, Fortenberry Farms, Inc., and the continuing guarantors, F.E. Fortenberry, Helen D. Fortenberry, Billy Max Fortenberry, and Mary A. Fortenberry, *in solido,* and David C. Lensing, John Martin Marron, and Wendell P. Shelton, *in solido.*

IT IS ORDERED that the motion for summary judgment by the plaintiff, FDIC, as Receiver for Audubon Federal Savings and Loan Association, be and is hereby GRANTED in favor of the plaintiff and against David S. Lensing and John Martin Marron for breach of contract.

Further, IT IS ORDERED that the judgment of default be and is hereby ENTERED against Southern Mortgage Company of Louisiana, Inc. for breach of contract and Wendell P. Shelton for breach of contract and as a continuing guarantor.

Counsel for plaintiff shall submit a proposed judgment to the Court within fifteen (15) days, with a blank line for the amount of attorney fees.

---

15. Southern, in accordance with the Participation Agreement, retained the documents after execution on December 16, 1982. It is assumed that the original documents were either lost or destroyed.