**FEDERAL DEPOSIT INSURANCE CORPORATION**

v.

**MR. "T'S", INCORPORATED and Thomas J. Moran.**

**Civ. A. No. 90–63–B.**

United States District Court, M.D. Louisiana.

May 28, 1991.

---

David S. Rubin, Kantrow, Spaht, Weaver & Blitzer, Baton Rouge, La., for plaintiff.

J. David Bourland, Baton Rouge, La., for defendants.

## RULING ON MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

This action involves another case on a promissory note arising out of the failure of Capital Bank and Trust Company (CBT).[1] The Federal Deposit Insurance Corporation (FDIC) filed his suit against Thomas J. Moran.[2]

Among the assets received by the FDIC from CBT were three secured promissory notes executed by Moran in favor of CBT. The FDIC contends that these notes, referred to as Note C, Note D, and Note E, are in default and seeks to recover the balance due from Moran.[3] This action is now before the Court on the plaintiff's motion for summary judgement pursuant to Rule 56 of the Federal Rules of Civil Procedure.[4]

■ Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[5] To oppose the granting of summary judgment, Rule 56(e) provides that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, ... [instead, the defending party], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." When all the evidence presented by both parties could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.[6]

There is no dispute that the FDIC is the holder and owner of the three notes. Furthermore, the defendant does not dispute the validity of the notes nor that the notes are in default. However, in his opposition to plaintiff's motion for summary judgment, Moran has raised the following defenses: (1) Note C is being paid in accordance with a separate agreement with CBT and, therefore, is not in default; and, (2) as to Notes D and E, the defendant is only liable to the FDIC up to the amount consistent with a workout and restructuring agreement between the FDIC and the guarantors of the notes. For reasons which follow, the defendant's contentions are without merit.

■ With respect to Notes D and E, the defendant is correct when he contends that the FDIC entered into a workout agreement with the guarantors of the two notes. The effect of this workout agreement would have reduced the overall indebtedness associated with these two notes by

1. On October 30, 1987, the Commission of Financial Institutions for the State of Louisiana declared CBT unsafe and unsound to continue its banking business and the Federal Deposit Insurance Corporation (FDIC) was appointed as the receiver of the failed institution. Subsequently, the possession of and title to all the assets passed to and vested in the FDIC, in its corporate capacity.

2. The plaintiff's suit against Mr. "T'S", Inc., was previously settled.

3. When the suit was originally filed, the FDIC was seeking the collection of five notes. However, the dispute as to two of the notes, Notes A and B, executed by Mr. "T'S", Inc., has been settled by the parties, leaving only the remaining three notes at issue before the Court.

4. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and venue is proper under 28 U.S.C. § 1392.

5. Fed.R.Civ.P. 56(c); *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Fontenot v. Upjohn Co.,* 780 F.2d 1190 (5th Cir.1986).

6. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

fifty (50%) percent. However, the evidence reveals that the guarantors did not meet a contingent term of the workout arrangement and the agreement failed.

The defendant acknowledges that the guarantors did default on the workout agreement. However, Moran argues that even though he was not a party to the workout agreement, he should be "extended the same treatment and opportunity as offered the guarantors of the notes, in satisfaction of them." [7] Thus, Moran contends that based on "equity and fairness," he should only be liable to the FDIC up to the amount the guarantors would have been liable if they had complied with the conditions of the workout agreement, e.g., fifty (50%) percent of the overall obligations of the two notes.[8]

Neither the evidence or law supports Moran's argument. Moran was a maker on the note and received the money from the bank. Thus, he is bound by the terms of the note he signed. The facts and evidence presented to the Court clearly show that Moran was not a party to the workout agreement. The FDIC submitted evidence in the form of affidavits that the discussions with respect to the workout agreement on the notes were strictly with the guarantors. Further, the evidence shows that none of the discussions leading up to the workout agreement included Moran. The Court finds that the defendant has neither a legal or equitable basis to argue that the workout agreement, which ultimately failed, is applicable to him, nor that the outstanding obligation on the notes which he signed and is obligated for should be reduced in accordance with the terms of the workout agreement. Since Moran concedes the notes were properly executed and are in default, the FDIC is entitled to summary judgment on the total amount outstanding on Notes D and E.

The defendant argues that Note C is not in default because it is being paid in accordance with an alleged subsequent agreement with CBT. The "new" agreement allows Moran to pay non-interest bearing monthly installments. Consequently, the terms of this alleged agreement are both contrary to the terms of the note and reduce the amount due and owing to the FDIC, the holder of the note. The FDIC contends, however, that it is not subject to the new agreement under the rule of *D'Oench, Duhme & Co. v. Federal Deposit Insurance Corporation*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), as codified and expanded under 12 U.S.C. § 1823(e).[9] The Court agrees.

Section 1823(e) provides that no agreement shall be valid which diminishes or defeats the interest of the FDIC

unless such agreement (1) is in writing, (2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution, (3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) has been, continuously, from the time of its execution, and official record of the depository institution.

In the suit now pending before this Court, the terms of the new agreement reduce the FDIC's rights in Note C. The FDIC argues that the new terms which the defendant relies upon are based on an oral agreement between the defendant and CBT. Since the agreement is not in writing, as required by § 1823(e), the FDIC contends it is not enforceable against it. Moran contends that the writing requirement of § 1823(e) is satisfied by the bank's ledger card, where the monthly payments

---

7. Opposition to Summary Judgment, at 3.

8. "The respondent [Moran] does not oppose the Court granting the plaintiff's motion to the extent it is consistent with the workout and restructuring ... on a proportional basis of notes "D" and "E", to the whole thereof." *Id.* at 2.

9. *Langley v. FDIC*, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987); *Beighley v. FDIC*, 868 F.2d 776 (5th Cir.1989); *FDIC v. Castle*, 781 F.2d 1101 (5th Cir.1986); *Delta Savings & Loan Ass'n, Inc. v. A.C.V., Inc.*, 750 F.Supp. 759 (M.D.La.1990).

have been recorded under the new terms. The Court disagrees.

To satisfy the requirement of § 1823(e), the agreement must meet all four of the elements set forth in the statute.[10] The bank's ledger card only recorded the payments made by the defendant. However, the ledger card fails to provide any terms, conditions, or any other aspects of an agreement, including the signatures of the parties to the agreement. The Court finds that the bank's ledger card fails to constitute a "written agreement" under § 1823(e). Therefore, since the alleged agreement is "oral, it fails to satisfy the writing requirement" of § 1823(e).[11]

The Court also notes that even if the ledger card could be considered as a written agreement, § 1823(e) mandates that the new agreement shall be approved by the bank's directors or loan committee and that such approval shall be noted in the minutes. The evidence provided to the Court clearly establishes that neither the directors nor the loan committee approved the new agreement concerning Note C. Since the new agreement does not satisfy the requirement of § 1823(e), it is not enforceable against the FDIC.

Therefore, pursuant to the provisions of Note C and the fact that Moran is in default on the note, the plaintiff is entitled to summary judgment on Notes C, D, and E, as follows: (1) the principal balance due and owing on Note C in the amount of $126,116.85, plus interest at a rate of eleven (11%) percent per annum from the date of judicial demand; (2) the principal balance due and owing on Note D in the amount of $200,000.00, plus accrued interest at a rate of ten (10%) percent per annum as of January 18, 1990, in the amount of $60,241.66, plus interest accruing after January 18, 1990, at the per diem rate of $68.49; (3) the principal balance due and owing on Note E in the amount of $90,-000.00, plus accrued interest at a rate of ten (10%) percent per annum as of January 18, 1990, in the amount of $30,740.85, plus interest accruing after January 18, 1990, at

the per diem rate of $30.82; and (4) all costs associated with this proceeding and a reasonable attorney's fees to be approved by the Court. Counsel for plaintiff shall have fifteen (15) days to submit proper documentation in support of its claim for attorney's fees. The defendant shall have an additional ten (10) days to object to the amount of attorney's fees sought by the plaintiff.

Therefore:

IT IS ORDERED that the plaintiff's motion for summary judgment is GRANTED against the defendant, Thomas J. Moran.

Counsel for plaintiff shall submit a proposed judgment to the Court within fifteen (15) days, with a blank line for the amount for the attorney's fees.

---

**10.** *See Langley,* 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987).

**11.** *Delta Savings & Loan,* 750 F.Supp. at 762.